LITTLE ROCK ROAD MACHINERY COMPANY *v.* FRAZIER.

4-9904                                                                252 S. W. 2d 404

Opinion delivered November 10, 1952.

*Moore, Burrow, Chowning & Mitchell* and *Lawrence C. Burrow, Jr.,* for appellant.

*Carroll C. Hollensworth* and *B. Ball,* for appellee.

GRIFFIN SMITH, Chief Justice. As a corporation Little Rock Road Machinery Company entered into an arrangement with Roland G. Frazier to supply a tractor and bulldozer. The writing is captioned, "Equipment Lease Contract". The lease covered ten months beginning May 15, 1950, at a rental of $800 per month plus [sales] tax, payable in advance. Option was given to renew the lease for one month for $800 and tax. Payment of the first rental in each renewal period "shall be construed as the exercise by the lessee of [his] option to renew for the entire period".

By § 6 the lessor agreed to sell such equipment at the end of the lease period for $8,745, and in that event rental payments were to apply on the purchase price.

The original contract introduced by appellant contains a clause disclaiming any warranty as to the fitness of the machinery; and upon expiration of ten months or any renewal period the lessee was to deliver the equipment to the Little Rock company's yard, all freight and delivery charges prepaid. Another condition is that the writing contains the entire contract, and that no agreement or representations by any of the company's agents or employees should be binding on the lessor, for "only an official of lessor has authority to execute the lease for it".

The appeal is from a defendant's judgment on a finding by the jury that Frazier did not owe the company $52.02 for parts and supplies, and that rental charges for September, October, and November had not been earned. The last item amounts to $2,448.

There was no exercise by Frazier of his option to make the last payment and purchase the machinery. On the contrary, he contended that the contract retained by the company was executed in blank insofar as its application to his specific needs were concerned; that in negotiating with an official of the company the machinery was warranted for 90 days; that he later wrote for a copy of the contract and the copy received (later—as it was claimed—lost and therefore not susceptible of introduction) differed materially from the one he signed. During early operational stages it was discovered that the tractor used an inordinate amount of oil, and the "tracks" kept coming off—"they gave me a world of trouble".

Frazier paid rentals for four months, but claims to have protested repeatedly regarding condition of the machinery. He telephoned to "some one" in the company's maintenance and repair division and received assurances that the warranty would be fulfilled. E. R. Pils was identified as one of the persons with whom conversations were had. Gordon Wilson, manager and part owner of the machinery company, identified Pils as "our office and credit manager". Testimony relating to agreements with Pils was given by Viola Lee Frazier,

the defendant-appellee's wife who acted as his agent, and who had written letters for her husband.

According to Frazier's testimony he finally offered to pay transportation charges on the machinery if the company would send for it and terminate the release and acquit him of liability. A receipt dated Dec. 8, 1950, was shown the witness. By it the company acknowledged payment of $96.90 for "freight charges on tractor and dozer". The witness would not confirm the date.

When the entire defense is summarized it amounts to this: Frazier insists he made a verbal contract with the company through Gordon Wilson when the machines were shown him on the company's yard; that his purpose in procuring the equipment was to construct ponds for farmers, and that Wilson fully guaranteed the machinery. In reliance upon these representations he (Frazier) signed some papers in the office, but did not get a copy. Wilson admitted it was not customary to give the lessee a copy of the contract until the machinery was ready for delivery. He insisted, however, that the copy sent Frazier was identical with the original retained and offered as an exhibit. Appellant calls attention to letters admitted by Frazier to have been directed to the company after the so-called 90-day guarantee period had expired, and in which promises of payment were made.

The principal ground for reversal urged by appellant is the court's action in giving Instruction No. 2 telling the jury that if it believed the defendant made a compromise proposal under which he would reimburse the plaintiff for transportation charges incident to a return of the machinery; and if inter-party intentions were to terminate the contract, then the defendant should prevail.

Appellant earnestly insists that the testimony did not warrant this instruction. A majority of the judges, however, hold the view that there was substantial evidence of accord and satisfaction, hence the instruction was proper. This would, of course, affirm the judgment, and it is so ordered.

Mr. Justice GEORGE ROSE SMITH dissents.